UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES LOGAN             ]
    Plaintiff,          ]
                        ]
v.                      ]     No. 3:12-0334
                        ]     Judge Campbell
TENNESSEE DEPARTMENT OF ]
CORRECTION, et al.      ]
    Defendants.         ]

# M E M O R A N D U M

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction; Dr. Lester Lewis, Medical Director for the Tennessee Department of Correction; and Ed Rodriquez, a Contract Monitor for the Tennessee Department of Correction; seeking unspecified relief.

Medical personnel for the Tennessee Department of Correction tested the plaintiff's hearing and discovered that he was hearing impaired. He was prescribed a hearing aid for each ear. The Tennessee Department of Correction approved the hearing aids for the plaintiff. Molds of the plaintiff's ears were taken but he has not yet received the hearing aids. The plaintiff believes that the failure to provide him with the hearing aids in a more expeditious manner constitutes a violation of his right to adequate medical

care.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

In this case, prison medical personnel became aware that the plaintiff had a hearing problem. The plaintiff was prescribed a hearing aid for each ear. The request for the hearing aids was approved by the Tennessee Department of Correction and molds were taken of the plaintiff's ears. The fact that the plaintiff has not yet received the hearing aids does not suggest a deliberate indifference to his hearing problem. Rather, it appears that the plaintiff is challenging the adequacy of the care accorded him.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. <u>Hill v.Jones</u>, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. <u>Estelle</u>, *supra* at 429 U.S. 105-106. Therefore, the

plaintiff has failed to describe conduct resulting in a violation of federal law. Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff is unable to prove every element of a § 1983 cause of action. Consequently, he has failed to state a claim upon which relief can be granted. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge